UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 1 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,          )
                                   )
                                   )
          v.                       )   Criminal Action No. 98-443 (RWR)
                                   )
CARLOS MARTINEZ,                   )
                                   )
          Defendant.               )
                                   )

## MEMORANDUM OPINION

Pro se movant Carlos Martinez, who currently is incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri, seeks to vacate or set aside his sentence.  Generally, he alleges that the court which imposed his sentence lacked jurisdiction over his criminal case, that his conviction was obtained by the use of false evidence, that his due process rights were violated, and that defense counsel's failure to raise these issues rendered counsel's assistance ineffective.

The government has moved to dismiss Martinez's motion, explaining that he is not the same Carlos Martinez who was convicted in this court in Criminal Action No. 98-443 (RWR).  The government has presented substantial and unrebutted evidence that the movant is not the Carlos Martinez who was sentenced in this

- 2 -

court[1] and that the movant was instead sentenced by the D.C. Superior Court.[2]

"[P]risoners sentenced in D.C. Superior Court who wish[] to challenge their conviction or sentence" may do so by moving to vacate in Superior Court under D.C. Code § 23-110.  See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998); see also Craig v. Snyder, Civil Action No. 07-2328 (PLF), 2008 WL 684496, at *1 (D.D.C. Mar. 11, 2008) ("Collateral challenges to sentences imposed by the Superior Court must be brought in that court under D.C. Code § 23-110.").  Federal courts, on the other hand, lack "jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective[.]'"  Blair-Bey, 151 F.3d at 1042. Specifically, § 23-110 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any . . . Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

---

[1] For example, records indicate that the two individuals at issue (1) were born approximately ten years apart, (2) were born in different countries, (3) have different police department identification numbers, (4) have different FBI numbers, and (5) were charged with and convicted of completely different crimes.

[2] D.C. Superior Court case number F-1115-01.

- 3 -

D.C. Code § 23-110(g) (emphasis added).

Since the movant has neither alleged nor shown any impediment that would render a remedy by motion to the D.C. Superior Court to be inadequate or ineffective, this court lacks jurisdiction to hear Martinez's petition.  Accordingly, the government's motion to dismiss will be granted and Martinez's motion will be denied.  An appropriate Order accompanies this Memorandum Opinion.

SIGNED this _30th_ day of ___April___, 2008.

_____

RICHARD W. ROBERTS
United States District Judge